IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | 1:15CR278-1 |
| | : | |
| CHRISTOPHER ERICK HANEY | : | |
| | : | |

TRIAL BRIEF

NOW COMES the United States of America by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and hereby files this trial brief for the Court's consideration, and states the following:

I.  STATEMENT OF FACTS

Anna Rushin and her son, Doug Maynard, reside in Ms. Rushin's home located at 12900 Montclair Drive, Laurinburg, NC 28352. Mr. Maynard has resided at this residence with his mother for a number of years. On July 25, 2014, Christopher Erick Haney ("Haney") was released from prison after serving a sentence for Indecent Liberties with a Child and Sex Offense by a Custodian in North Carolina case 09CRS050495.[1] Mr. Maynard and Haney have known each other for a number of years.[2] Mr. Maynard asked his

---

[1] Haney pled guilty to both counts on April 25, 2013 by means of an *Alford* plea. The offense conduct was as follows: In February of 2009, Haney licked the penis of a three year old child and instructed the child not to tell anyone. The child reported the incident to his mother.

[2] Mr. Maynard informed law enforcement that he was involved in a romantic relationship with Haney during his most recent prison sentence and after his release.

mother if Haney could stay at her house because Haney had nowhere else to go. Ms. Rushin agreed and, upon Haney's release from prison, he moved into Ms. Rushin's home. This arrangement was approved by Haney's Parole Officer, Katrina McQueen, who was assigned to monitor him on post-release supervision. Ms. Rushin's home has three bedrooms and two bathrooms. Haney had his own room and shared a hallway bathroom with Mr. Maynard.

Haney resided at Ms. Rushin's residence from on or about July 25, 2014 until he was removed by his Parole Officer on January 20, 2015. During the time Haney resided at the residence he submitted numerous job applications, performed work for Ms. Rushin around the home (e.g. yard work, connecting a ceiling fan, etc.), and occasionally entertained female companions. Ms. Rushin assisted Haney with his job search by driving him to various businesses so that he could submit applications.

On or about August 29, 2014, Ms. Rushin discovered that pieces of jewelry and silver coins were missing from her bedroom. Ms. Rushin filed a report with the Laurinburg Police Department on September 18, 2014. Detective Larry Tunstall took the report. On January 20, 2015, Ms. Rushin discovered that two drills that she owned were missing. Ms. Rushin reported the missing drills to Detective Tunstall. On the same day, Detective Tunstall determined that Haney had pawned the drills at a local

2

pawn shop and informed Ms. Rushin. Ms. Rushin was no longer comfortable with Haney residing in her home and informed law enforcement of such. On January 20, 2015, Parole Officer McQueen went to Rushin's home and removed Haney by escorting him out of the home. Haney's belongings were left in his bedroom in Ms. Rushin's home.[3]

After Haney was removed from the home, Ms. Rushin and Mr. Maynard packed-up Haney's belongings. On January 21, 2015 in the afternoon, Haney's sister collected Haney's belongings from Ms. Rushin's home. That evening, around 8:00 PM, Ms. Rushin removed the sheets from the bed Haney had been sleeping in. While doing so, Ms. Rushin discovered a burgundy binder hidden underneath the mattress. Ms. Rushin opened the binder and observed the following contents: (i) A letter dated December 4, 2014 addressed to Haney from Scotland County Child Support Enforcement entitled "Notice of Noncompliance" informing him of hi child support obligations, (ii) A mail solicitation for a Capital One credit card, including application, addressed to "B. Brennan," (iii) two printed pictures of one of Haney's teenage daughters, and (iv) twenty-four pages printed from internet webpages depicting minors, the vast majority being prepubescent

---

[3] Haney was arrested on January 23, 2015 for misdemeanor Larceny and Obtaining Property by False Pretense. Haney received no bond and was detained on the charges.

females approximate ages four to ten, engaged in sexually explicit conduct. The following day, January 22, 2015, Ms. Rushin took the binder and all of its contents to the Laurinburg Police Department where she turned it over to Detective Tunstall.

During the relevant time period, Ms. Rushin had a computer set-up in a common area of her home. On January 23, 2015, Ms. Rushin permitted Laurinburg Police Department personnel to take her desktop computer for further analysis and photograph her home. On February 2, 2015, North Carolina State Bureau of Investigation Special Agent Chadrick Barefoot conducted a preview examination of the desktop computer using EnCase forensic software. This examination involved hooking the desktop's hard drive to his computer and running the EnCase software. The EnCase software is designed to scan a hard drive for all images and then display the images in an image gallery. Agent Barefoot reviewed the images found by the software. He did not observe any images depicting child pornography or child erotica. Based on Agent Barefoot's training and experience, when a computer has been used to navigate to internet sites containing child pornography, an EnCase preview examination will typically reveal temporary internet image files of child pornography.

On February 2, 2015, Detective Tunstall and Agent Barefoot spoke with Haney at the Scotland County Jail where he was being held on the Larceny charges. Agent Barefoot asked Haney about "materials that were found in his room" and Haney responded, "I heard they supposedly found stuff, but they are using my past against me. They are mad at me because I stole stuff or they think I stole stuff."

## II. Rule 414: Similar Crimes in Child-Molestation Cases

On September 28, 2015, the United States filed notice of its intent to introduce evidence, pursuant to Fed. R. Evid. 414, of Haney's prior conviction for Indecent Liberties With a Child. (Docket Entry #10). Specifically, the United States seeks to introduce certified court documents and testimony from the investigating law enforcement officer regarding the age and gender of the victim.

In May of 2004, a minor female three years and ten months in age, reported to her guardian that Haney had put his "turtle" in her bottom. The minor victim had previously referred to the male genitalia as a "turtle." The minor victim was interviewed by a social worker the following day. The minor victim informed the social worker that she calls the male genitalia a "turtle" and that when Haney placed his "turtle" between her legs that it hurt and made her feel sad. When asked to demonstrate on a doll

5

where Haney had put his "turtle," the minor victim opened the doll's legs wide and pointed between them. When asked how Haney had done this with her underwear on, the minor victim indicated that the underwear was pulled aside in her genital area. Haney was arrested by Laurinburg Police Department Detective Kimothy Monroe on June 11, 2004 pursuant to an arrest warrant for Indecent Liberties With a Child. Haney was indicted for the same charge on March 28, 2005. The offense conduct took place between July 3, 2003 and March 16, 2004. The minor victim was identified as Haney's victim in the indictment. On March 28, 2005, Haney pled guilty to Indecent Liberties With a Child under N.C.G.S. § 14-202.1 in Scotland County North Carolina case 04CRS052234.

Rule 414 of the Federal Rules of Evidence applies to the sexual abuse of children by the Defendant in the present case. Rule 414(a) reads as follows:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Rule 414(d) defines the term "child molestation," and in so doing makes clear that the conduct charged in the present case constitutes an offense of child molestation within the meaning of the rule. Specifically, the rule identifies "any conduct

6

prohibited by 18 U.S.C. chapter 110" as meeting the definition. The crime charged in this case falls under that chapter.

Likewise, the Defendant's conduct for which the United States wishes to present evidence as described above is "child molestation" within the meaning of Rule 414(d)(2) (C) and (D); i.e., the Defendant's conduct involved contact between the Defendant's body or an object and the genitals or anus of a child, and/or contact between the genitals or anus of the Defendant and any part of the body of a child, and is conduct prohibited by state law. Evidence of the Defendant's prior sexual abuse of a child is probative. Evidence that the Defendant has actually sexually abused a prepubescent female demonstrates the Defendant's sexual interest in prepubescent females and thus, his propensity to commit crimes that involve the sexual abuse of children and prepubescent females in particular.

The Fourth Circuit has found that evidence of a defendant's propensity to commit crimes of child molestation is admissible under Rule 414. United States v. Kelly, 510 F.3d 433 (4th Cir. 2007). In Kelly, the Court held, "Unlike Rule 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses. In allowing this evidence, Rule 414 reflects Congress' view that this propensity

7

evidence 'is typically relevant and probative.'" Id, at 437, citing 140 Cong. Rec. S12990 (daily ed. Sept. 20, 2004). Kelly also cited with approval the Eighth Circuit's acknowledgment of the, "'strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" Id., citing United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997). See also 140 Cong. Rec. H8991 (statement by Rep. Susan Molinari) (August 21, 1994): "In child molestation cases, for example, a history of similar acts tends to be *exceptionally* probative because it shows an unusual disposition of the defendant-a sexual or sado-sexual interest in children-that simply does not exist in ordinary people." (emphasis added).

With respect to Rule 414 evidence, the presumption is that, "evidence admissible pursuant to [Rule 414] is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice." 140 Cong.Rec. S12990-01, September 20, 1994 (Comments of Senator Robert Dole). Further, "the courts should liberally construe the rules so that the defendant's propensities, as well as questions of probability in light of the defendant's past conduct, can be properly assessed." Id., See also Kelly at 437, citing a portion of this language. These presumptions notwithstanding, Rule 414 evidence remains subject to Rule 403 analysis. The Fourth Circuit has

8

identified five factors to be examined in conducting a Rule 403 balancing test with evidence otherwise admissible under Rule 414: "(i) the similarity between the previous offense and the charged crime; (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts; (iv) the presence or absence of any intervening acts; and (v) the reliability of the evidence of the past offense." Kelly at 437. These factors, considered together, weigh in favor of admissibility of the evidence at issue.

    A.   <u>The Similarity Between The Previous Offense and the Charged Crime</u>

The Defendant's sexual assault on the minor victim resulting in his Indecent Liberties conviction is similar to the charged crime of possession of child pornography. The victims in both instances are prepubescent females of a similar age. Nothing in Rule 414 requires that the crimes have similar elements. Indeed, to impose such a requirement would frustrate the very purpose of Rule 414: to permit evidence of the defendant's propensity to commit crimes against children to be presented. Someone who sexually abused a prepubescent female child has demonstrated an interest in, and a propensity to participate in, criminal conduct related to the sexual abuse of prepubescent female children. Collecting images of prepubescent

9

female children being sexually abused is merely another manifestation of that interest. It is precisely this kind of similarity for which Rule 414 was intended and has been applied. See United States v. Mason, 532 Fed.Appx. 432, 437 (4th Cir. 2013) (unpublished) (upholding the introduction of multiple Indecent Liberties With a Child convictions at trial on charges of transportation, receipt, and possession of child pornography).

    B.    The Temporal Proximity Between the Two Crimes

The Defendant committed the crime for which he is charged approximately eleven years after the Indecent Liberties With a Minor conviction the United States seeks to introduce. The Kelly case involved the admission of conduct that preceded the charges at issue by 22 years -- a significantly longer period than is presented here. The Mason case involved the admission of conduct that proceeded the charges at issue by 12 years – approximately the same period as presented here. Further, the Defendant spent a significant portion of the 11 intervening years incarcerated on other sexually related convictions. The Defendant was convicted of Indecent Liberties With a Minor and Sex Offense by a Custodian in 2013[4] and Failure to Register as a Sex Offender

---

[4] Haney pled guilty to both counts on April 25, 2013 by means of an *Alford* plea. The offense conduct was as follows: In February of 2009, Haney licked

and two counts of Sexual Battery in 2007.[5] Since 2004, the Defendant has spent over 100 months incarcerated.

    C.    <u>The Frequency of the Prior Acts</u>

While the conduct that resulted in the Defendant's 2005 conviction for Indecent Liberties was not repetitive, he has subsequently demonstrated his sexual interest in violence and in children through his own actions.

    D.    <u>The Presence or Absence of Any Intervening Acts</u>

The Defendant has been convicted of Indecent Liberties committed against a three year old male child and Sexual Battery committed against an adult woman since his 2005 conviction for Indecent Liberties.

    E.    <u>The Reliability of the Evidence of the Past Offense</u>

The evidence of the Defendant's past offense will be certified documents of a criminal conviction and testimony from the investigating law enforcement officer. Both forms of evidence are highly reliable. <u>See</u> <u>Mason</u> at 437 ("evidence demonstrating this conduct was also eminently reliable: the

---

the penis of a three year old child and instructed the child not to tell anyone. The child reported the incident to his mother.

[5] Haney pled guilty to both counts of Sexual Battery on March 26, 2007 by means of an *Alford* plea. The offense conduct was as follows: In May of 2006, Haney pushed a woman into the woods, grabbed her neck, and ordered her to drop her pants. When the woman refused, Haney forcibly started removing her bra and panties. Haney felt the woman's breasts and put his hand down her panties and into her vagina. Haney continued this conduct until he had an orgasm.

11

prosecution introduced both certified documents and testimony from an investigator personally involved in the earlier case").

In light of the clear application of Rule 414 to the present case, the plain intention that Rule 414 be interpreted liberally in favor of the admission of evidence, and the balance of the Kelly factors weighing heavily in favor of admissibility, the Court should rule that evidence of the Defendant's past sexual abuse of children is admissible at trial as evidence of his propensity to commit crimes related to the sexual abuse of children and his sexual interest in prepubescent female children.

III. Uncharged Crimes & Evidence of Other Bad Acts

The United States intends to elicit testimony that the Defendant was physically removed from Ms. Rushin's residence on January 20, 2015 by his parole officer at Ms. Rushin's request after she discovered that he had pawned her drills without her permission. Further, the United States intends to introduce the burgundy binder as it was found; i.e. to include the child support letter entitled "Notice of Noncompliance" addressed to the Defendant.

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the

12

person acted in accordance with the character." Fed.R.Evid. 404(b)(1). Such evidence, however, may "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." <u>United States v. Siegel</u>, 536 F.3d 306, 317 (4th Cir.2008) (citation and internal quotation marks omitted). "Because the rule recognizes the admissibility of prior crimes, wrongs or acts, with only the one stated exception, it is understood to be a rule of inclusion." <u>United States v. Queen</u>, 132 F.3d 991, 994 (4th Cir. 19). And, "[a]s a rule of inclusion, the rule's list is not exhaustive." <u>Id</u>. at 994-95. As is always the case, "the probative value of the evidence must not be substantially outweighed by the danger that it will cause <u>unfair</u> prejudice." <u>United States v. Hodge</u>, 354 F.3d 305, 312 (4th Cir.2004), citing Fed.R.Evid. 403 (emphasis added). "Limiting jury instructions explaining the purpose for admitting prior bad acts evidence and advance notice of the intent to introduce such evidence provide additional protection to defendants." <u>Id</u>., citing <u>Queen</u> at 997.

The Rule 404(b) analyses, however, applies only to evidence of other acts that are "extrinsic to the one charged." <u>United</u>

13

States v. Chin, 83 F.3d 83, 87 (4th Cir.1996). "[A]cts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." Id. at 87–88. "Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." Siegel, 536 F.3d at 316 (citation and internal quotation marks omitted); See also Chin, 83 F.3d at 88 (noting that "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged") (citation and internal quotation marks omitted). Evidence is intrinsic if it is necessary to "provide context relevant to the criminal charges." United States v. Cooper, 482 F.3d 658, 663 (4th Cir.2007) (citing United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994).

All the evidence described above that the United States seeks to introduce relates to the date of the charged offense, January 20, 2015, and is necessary to complete the story of the crime on trial and to provide context.

Evidence that, on January 20, 2015, Ms. Rushin discovered her drills missing and learned that the Defendant pawned them

14

without her permission is necessary to explain why she asked that he be removed from her home. Without the admission of this evidence the Jury will be deprived of a relevant fact and left to speculate about why Ms. Rushin had a sudden change of heart about the Defendant residing with her after he had done so for five months.

Evidence that, on January 20, 2015, the Defendant's parole officer escorted him out of Ms. Rushin's home is necessary to explain how highly illegal child pornography came to be left in the home by the Defendant. If the Defendant had been allowed to leave of his own accord one would have to assume that he would have packed and taken with him something as illegal and valued as his child pornography collection. The value he placed on his collection is corroborated by the other items that he stored with it; i.e. an important child support notice and pictures of his daughter. Depriving the Jury of this evidence would raise unwarranted doubts about the Defendant being the individual who knowingly possessed the child pornography.

The child support notice of noncompliance[6] addressed to the Defendant was literally intertwined with the child pornography at issued in this matter. Even if the letter was extrinsic

---

[6] It is debatable whether this letter even qualifies as a bad act. While the letter is entitled "Notice Of Noncompliance" the total amount of child support owed is listed as $0.00.

15

evidence it would clearly be admissible under 404(b)(2) for the purpose of proving that the binder and its contents belong to the Defendant and thus he is the individual who possessed the child pornography.

IV. <u>Preliminary List of Exhibits</u>

- Burgundy binder and its contents
    - 24 pages containing depictions of child pornography
    - Child support notice of noncompliance and envelope
    - Two pictures of the Defendant's daughter
    - Capital One credit card solicitation and envelope
- Photographs of Ms. Rushin's home
- Certified documents relating to the Defendant's 2004 conviction for Indecent Liberties

V. <u>Preliminary Witness List</u>

- Anna Rushin
- Detective Larry Tunstall
- Special Agent Chadrick Barefoot
- Parole Office Katrina McQueen
- Interim Chief Kimothy Monroe

This the 1st day of October, 2015.

>Respectfully submitted,
>
>RIPLEY RAND
>UNITED STATES ATTORNEY
>
>
>/S/ ERIC L. IVERSON
>Assistant United States Attorney
>NCSB #46703
>United States Attorney's Office
>Middle District of North Carolina
>101 S. Edgeworth Street
>Greensboro, NC  27401
>336/332-6302

CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eric Placke, First Assistant Federal Public Defender

Respectfully submitted,

RIPLEY RAND
UNITED STATES ATTORNEY

/S/ ERIC L. IVERSON
Assistant United States Attorney
NCSB #46703
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth Street
Greensboro, NC 27401
336/332-6302

18