IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:15CR278-1 |
| | : | |
| CHRISTOPHER ERICK HANEY | : | |

DEFENDANT'S TRIAL BRIEF

Introduction

The Defendant, CHRISTOPHER ERICK HANEY, was indicted on July 27, 2015, on one count of possession of materials that contained images of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). He was arraigned on September 10, 2015, and entered a plea of not guilty. The case is set for trial during the October 2015 Criminal Term.

Factual Background

Discovery received from the Government indicates that, following his release from the North Carolina Department of Corrections in July of 2014, the Defendant lived with Ms. Anna Rushin and her adult son, Mr. Doug Maynard, at her home in Laurinburg, North Carolina. On January 20, 2015, Ms. Rushin evicted the Defendant after she learned from authorities the Defendant had pawned several items taken from her home.

On January 22, 2015, Ms. Rushin turned over to authorities a burgundy binder that contained two photographs of the Defendant's adolescent daughter,[1] a December 4, 2014, letter from Scotland County Child Support enforcement, addressed to the Defendant at Ms. Rushin's home, a Capital One credit card offer addressed to "B. Brannan"[2] at Ms. Rushin's home, and 256 sexually-oriented pictures of children, 51 of which are referred to by authorities as "explicit and graphic."  Laurinburg Police Department Report, OCA File No. 201501201.  Ms. Rushin told authorities she found the binder the previous evening, underneath the mattress of the bed in the room the Defendant had occupied.  Ms. Rushin said that, after she saw the sexually-oriented pictures of children, she showed the burgundy binder to her adult son, Mr. Doug Maynard, "to ask him if this was his pictures," and he said "no."  Id.  The following morning, she contacted authorities.  Several days later, with Ms. Rushin's consent, authorities searched the computer in her home, but did not find any evidence of child pornography.

Pretrial Motions

Neither party filed any pretrial motions, nor does undersigned counsel anticipate that either party will file any such motion.

---

[1] The two photographs of the Defendant's adolescent daughter are not sexually-oriented.  Rather, they are "selfie" style photographs she apparently took using a smart phone and a mirror, and in which she is fully clothed.

[2] Brannan is Ms. Rusher's maiden name.

## Proposed Voir Dire

The Defendant will submit, as a separate pleading, proposed questions for potential jurors in addition to those normally asked by the Court.

## Choice of Forum

The Defendant *may* waive his right to a jury trial and request a trial by the Court alone. *See* Fed. R. Crim. P. 23.

## Elements of the Charged Offense

In order to establish the charged offense, the Government must prove, beyond a reasonable doubt: (1) the Defendant knowingly possessed a visual depiction; (2) the visual depiction was transported in or affecting interstate or foreign commerce, or using any means of interstate or foreign commerce, or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce; (3) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and (4) the Defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and portrayed a minor engaged in that conduct.

*See* Sand, et al, *Modern Federal Jury Instructions*, Instruction 62-12 (2013).

## Evidentiary Objections

The Government has given notice of its intention to introduce expert testimony regarding the examination of Ms. Rusher's computer. Doc. # 11. The Defendant does not object to such evidence.

The Government has also given notice of its intention to introduce evidence "that the Defendant was physically removed from Rushin's residence on January 20, 2015, by his parole officer at Ms. Rushin's request after she discovered that he had pawned her drills without her permission," and evidence of "the burgundy binder as it was found; i.e., to include the child support letter." Doc. # 12, Page 12. The Defendant does not object to such evidence.

Finally, the Government has given notice of its intention to introduce evidence of the Defendant's 2005 conviction for indecent liberties with a child. Doc. # 10. The Defendant objects to the admission of any such evidence.

As the Government correctly notes in its Trial Brief, Fed. R. Evid. 414 provides that, in a prosecution for child molestation, a court "may" admit evidence of "any other child molestation" committed by a defendant. Doc. # 12, Page 6. Because of the very broad definition of "child molestation" in Fed. R. Evid. 414(d)(2)(B), the Defendant agrees that Rule 414 applies in prosecutions for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B). The Defendant also agrees that *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007), appears to be the leading Fourth Circuit case interpreting Rule 414. The Defendant does not agree, however, with the Government's conclusion that evidence of his 2005 conviction for indecent liberties with a child should be admitted in this case.

In *Kelly*, the Fourth Circuit explained that Rule 414 "is an exception to the general rule that evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith.'" 510 F.3d at 436-37 (quoting

Fed. R. Evid. 404(b)). *Kelly* acknowledged that Rule 414 "reflects Congress' view that this propensity evidence is typically relevant and probative," but went on to explain "the analysis does not end here, for as is true of all admissible evidence, evidence admitted under Rule 414 is subject to rule 403's balancing test." 510 F.3d at 437 (citations and internal quotation marks omitted). The Government correctly cites the five factors the Fourth Circuit said a court should use in conducting that balancing test, properly concedes, regarding the third factor, that "the conduct that resulted in the Defendant's 2005 conviction for Indecent Liberties was not repetitive," and correctly concludes that the final factor, "the reliability of the evidence of the past offense," favors its position. Doc. # 12, Pages 8-12. However, the Defendant disagrees with the Government's assessment of the three remaining factors.

Contrary to the Government's contention, the Defendant's prior offense is not similar to the charged crime. The former involved actual sexual contact with a child, the latter alleges possession of child pornography. That contrast is a far cry from the "striking" similarity critical to the Fourth Circuit's decision in *Kelly*, where the prior offense was the attempted rape of a 12 year-old girl, and the charged crime was "traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a 12 year-old" girl. 510 F.3d at 437.[3] The "striking" similarity between the prior offense and the charged crime was not only significant in *Kelly* in and of itself, it was

---

[3] The Government also cites the unpublished per curiam decision in *United States v. Mason*, 532 Fed. Appx. 432 (4th Cir. 2013), where the Court said "Mason's present and past convictions were similar insofar as they both involved the exploitation of children." That sort of conclusory analysis is particularly unhelpful, since it will always be true when Rule 414 is at issue, and it is contrary to *Kelly's* controlling precedent, which clearly requires a greater degree of similarity.

also an important counterweight to the Fourth Circuit's concern about the second factor, that is, the lack of "temporal proximity" between the two, given the passage of 22 years. The Government is correct that, in the unpublished per curiam decision in *Mason*, the Court found no error in the admission of prior convictions 12 years before the charged crime, and the Defendant does not contend that the lapse of 11 years alone tips the balance in this case. However, 11 years is still a lengthy period of time, the significance of which is magnified by the lack of similarity between the prior offense and the charged crime. Moreover, although not discussed by the Government, it was important to the Court's decision in *Mason* that "the acts underlying the prior convictions were frequent," a fact the Government concedes is not present here. 532 Fed. Appx. at 437. In any event, *Mason* is not controlling precedent and, as is discussed above, it's analysis of the similarity factor is less than faithful to the controlling precedent in *Kelly*. Finally, neither *Kelly* nor *Mason* address the presence or absence of any intervening acts, and the Government's analysis of that factor is, at best, a wash – while one intervening act it cites involves a young boy, the other involves an adult woman.

Overall, the five Rule 403 balancing factors described in *Kelly* do not weigh in favor of admitting evidence of the Defendant's 2005 conviction for indecent liberties with a child. Rather, analysis of those factors indicates that the limited probative value of such evidence would be "substantially outweighed by a danger of ... unfair prejudice" to the Defendant. Fed. R. Evid. 403. Accordingly, the Defendant objects

to the admission of any such evidence, and hereby requests a hearing on the matter prior to any opening statements at trial.

### Redaction of the Indictment

For the same reasons evidence of the Defendant's 2005 conviction for indecent liberties with a child should not be admitted during the Government's case in chief, reference to that conviction, or any other such conviction, should be omitted from any description of the Indictment to the jury, and redacted from any copy of the Indictment provided to the jury. Specifically, the language **"having previously been convicted of a state offense relating to aggravated sexual abuse, sexual abuse or abuse sexual conduct involving a minor"** should be redacted.

### Exclusion of Witnesses

The Defendant requests that, with the exception of the Government's designated case agent, and the Defendant's designated investigator, Mr. Josh Shoemaker, the Court "order [that] witnesses [be] excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615.

### Proposed Jury Instructions

The Defendant does not, at this time, anticipate requesting any instructions in addition to those normally given by the Court.

### Conclusion

At this time, undersigned counsel does not anticipate that any other unusual issues will arise during the trial of this matter.

Respectfully submitted this the 1st day of October, 2015.

                              LOUIS C. ALLEN III
                              Federal Public Defender

                              <u>/s/ Eric D. Placke</u>
                              ERIC D. PLACKE
                              First Assistant Federal Public Defender
                              Arkansas State Bar No. 86207
                              North Carolina State Bar No. 20671
                              Greensboro, NC 27401
                              Phone: (336) 333-5455, ext. 228
                              E-mail:Eric_Placke@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015, I electronically filed the foregoing Defendant's Trial Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Eric L. Iverson, Assistant United States Attorney, 101 South Edgeworth Street, 4th Floor, Greensboro, North Carolina 27401.

Respectfully submitted,

/s/ Eric D. Placke
ERIC D. PLACKE
First Assistant Federal Public Defender